UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

BOBBI JO JOHNSON (2),

Defendant.

Cr. No. 23-23 (KMM/LIB)

**DEFENDANT'S FIRST MOTION IN LIMINE**

Defendant Bobbi Jo Johnson, by and through her attorney, files this Motion in Limine, pursuant to Federal Rules of Evidence 609.

Rule 609 applies to impeachment of a witness's character for truthfulness by evidence of a criminal conviction. It States in relevant part that: **(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

**(B)** must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and

**(2)** for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving, or the witness's admitting, a dishonest act or false statement.

In its discovery materials, the Government provided a BCA criminal history report of Defendant, Bobbi Jo Johnson. The report in part contains documentation of a felony-level methamphetamine conviction from March 25, 2019. The report contains no other criminal history for Ms. Johnson.

Evidence of a prior bad act such as a conviction may not be offered solely to prove the defendant's criminal propensity but is admissible if it is relevant to a material issue, such as intent, and if it is established by a preponderance of the evidence, more probative than prejudicial, and similar in kind and close in time to the charged offense. *United States v. Cook*, 454 F.3d 938 (8th Cir. 2006). In *Cook*, the Eighth Circuit Court of Appeals held that the defendant's six-year-old conviction for marijuana possession had minimal probative value and was inadmissible in defendant's prosecution for cocaine distribution, as the prior conviction was six years remote and was functionally dissimilar since it involved a different drug, and because the charge was for possession, not distribution. *Id*.

This conviction is irrelevant to any material issue in the case at hand. The charge did not involve dishonest acts or false statements. It is neither similar in kind, nor close in time to the charge at hand. Finally, evidence of this conviction has minimal probative value which is outweighed by the high risk of prejudice it would pose to Ms. Johnson if admitted.

For the foregoing reasons, Defendant Bobbi Jo Johnson respectfully moves this Court for an Order precluding the introduction of impeachment evidence of Defendant's 2019 felony drug conviction should she choose to testify.

Respectfully Submitted,

**WOLD LAW**

Dated: March 18, 2024.

s/ Peter Wold
Peter Wold, ID #118382
TriTech Center, Suite 705
331 Second Avenue South
Minneapolis, MN 55401
Telephone: 612.341.2525